UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY SCOTT COLE,

Plaintiff,

vs.                                                                Case No. 8:05-CV-213-T-27EAJ

SHEILA FOWLIE, MARK LeCOURIS,
and THE CITY OF TARPON SPRINGS

Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Dispositive Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and on the Basis of Res Judicata (Dkt. 18) and Defendants' Motion to Strike Punitive Damages Against LeCouris in his Official Capacity in Count I and for Prejudgment Interest and Attorneys' Fees in Counts III and IV of the Complaint (Dkt. 19).

Plaintiff previously sued Defendants Fowlie and LeCouris and the Tarpon Springs Police Department. *See Cole v. Fowlie*, 8:04-cv-1525-T-27TGW (M.D. Fla.)(hereinafter "*Cole I*"). Defendants moved to dismiss that action and Plaintiff did not oppose the motion. The action was dismissed. *Cole I*, Dkt.12. Plaintiff has now filed a new Complaint (Dkt. 1) to which the instant motions are addressed.

In their motion to dismiss, Defendants rely largely on their assertion that Plaintiff's claims are barred by the doctrine of *res judicata* because the order dismissing *Cole I* stated that Plaintiff's Complaint was dismissed without specifying that the dismissal was without prejudice. Federal Rule

of Civil Procedure 41(b) provides that "[u]nless the court in its order for dismissal otherwise specifies,. . .any dismissal not provided for in this rule. . .operates as an adjudication upon the merits." According to the Supreme Court, "the effect of the 'adjudication upon the merits' default provision of Rule 41(b). . . is simply that, unlike a dismissal 'without prejudice,' the dismissal of the present case barred refiling of the same claim in the United States District Court. . ." from which it was dismissed. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001).

The dismissal in *Cole I* was predicated on the granting of the defendants' motion to dismiss for failure to state a claim, a "dismissal not provided for in" Rule 41. The default provision therefore applies to the extent that Plaintiff's claims were addressed in that motion to dismiss.[1] Thus, the § 1983 claim against LeCouris[2] in Count I and the negligence claims against Fowlie and LeCouris in Count III are precluded by the previous dismissal.[3]

The § 1983 claim against Fowlie was not challenged in the *Cole I* motion to dismiss or on any grounds other than *res judicata* in the instant motion. That claim therefore survives. The false arrest and imprisonment claims in Count IV against Fowlie and LeCouris likewise survive. All claims against the City of Tarpon Springs survive as the City was not a party to the original action and therefore *res judicata* does not apply to it.

Defendant also argues that the state law claims against LeCouris in his official capacity in Count IV should be dismissed because the City of Tarpon Springs is also named. (Dkt. 17 at 7-8)

---

[1] While the *Cole I* order dismissed the entire complaint, the unopposed motion to dismiss was not directed to all claims against all defendants.

[2] Defendant LeCouris's qualified immunity argument is not addressed here because all claims against him individually are dismissed on other grounds.

[3] Plaintiff is free to bring these claims in state court. A dismissal that operates as an adjudication on the merits solely as a result of the 41(b) default provision does not have claim-preclusive effect in other courts. *Semtek*, 531 U.S. at 506.

Plaintiff responds that he would dismiss the state law claims against LeCouris if the City of Tarpon Springs stipulates that "the City is the final policy-making authority and the proper party for a § 1983 claim for an unconstitutional policy, custom or practice." If Defendant and Plaintiff agree on such a stipulation, a voluntary dismissal may be filed pursuant to Fed. R. Civ. P. 41(a)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Defendants' Dispositive Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and on the Basis of Res Judicata (Dkt. 18) is **GRANTED** as to the claims against Defendant Mark LeCouris in Counts I and III and the claim against Defendant Sheila Fowlie in Count III. The Motion is **DENIED** as to the City of Tarpon Springs, and as to the claims against Fowlie in Count II and LeCouris and Fowlie in Count IV.

2) Defendants' Motion to Strike Punitive Damages Against LeCouris in his Official Capacity in Count I and for Prejudgment Interest and Attorneys' Fees in Counts III and IV of the Complaint (Dkt. 19) is **GRANTED** because Plaintiff's response indicates he does not oppose the motion (Dkt. 25 and 26).[4]

**DONE AND ORDERED** in chambers this 21st day of June, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[4] Plaintiff's response to the Defendants' Motion to Strike asserts that counsel for Defendant misrepresented compliance with Local Rule 3.01(g). All counsel are on notice that any filing that fails to comply with Local Rule 3.01(g) will be stricken. Misrepresentations to the Court, if demonstrated, will result in sanctions.